**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LARRY JAMES MAYFIELD                :
                                    :
                    Plaintiff,      :       Civil Action No.06-4778(PGS)
                                    :
v.                                  :
                                    :
JERRY SPEZIALE, et al.              :
                                    :
                    Defendants.     :
_____:

OPINION AND ORDER

**SALAS, United States Magistrate Judge**

INTRODUCTION

This matter comes before the Court by way of Plaintiff Larry James Mayfield's application for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's request is **DENIED WITHOUT PREJUDICE.**

BACKGROUND

On October 4, 2006, Plaintiff submitted a Complaint and an application to proceed *in forma pauperis* ("IFP"). Pursuant to a December 22, 2006 Order, Plaintiff's request to proceed IFP was granted and his complaint was filed. Said Order permitted Plaintiff to pursue the claims stated in the Complaint against Defendants Jerry Speziale, Warden Charles Meyers, Brian Bendl and John Doe Office Passaic County Jail (*See* Order, dated December 22, 2006). The complaint alleges Defendants' violation of Plaintiff's constitutional rights arising out of cell searches, destruction of personal property and violations of 42 U.S.C. §1983.

On December 29, 2006, Plaintiff filed an application for the appointment of *pro bono* counsel that is now before this Court. Plaintiff argues that he is entitled to counsel because:(1) he lacks an education in " civil procedures in Court"; and (2) because he does not know "what to say properly all [he] do[es] know is that what they did was not right". (App. for Counsel at 3). Defendants have not submitted opposition to Plaintiff's application.

## DISCUSSION

It is beyond cavil that a civil litigant does not enjoy a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). While Congress has empowered district courts to "request" counsel for civil litigants, they cannot "require" an unwilling attorney to serve as counsel. *Id.* (citing 28 U.S.C. § 1915(e)(1)); *see also Christy v. Robinson*, 216 F.Supp.2d 398, 406 n.16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)). District courts retain broad discretion in considering applications to appoint counsel pursuant to 28 U.S.C. § 1915. *Montgomery*, 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

When exercising its discretion under § 1915, this Court must follow the analytical framework set forth in the trilogy of Third Circuit decisions beginning with *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). *See also Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Said framework begins with a threshold assessment of the merit of the claimant's case. *Montgomery*, 294 F.3d at 499-99. After finding " some arguable merit in fact and law," district courts in the Third Circuit must

weigh a litany of factors known as the *Tabron* post-threshold factors. *Id.* at 499. These factors – designed to ensure that courts do not appoint counsel in frivolous cases – include:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and;
> (6) the plaintiff's capacity to retain counsel on his own behalf.

*Id.* (citing *Tabron*, 6 F.3d at 155-57); *see also Parham*, 126 F.3d at 461 ("The *Tabron* factors will ensure that courts do not appoint counsel to frivolous cases").

When weighing the *Tabron* post-threshold factors, district courts must remain mindful of certain overriding considerations. First, the list is not exhaustive. *Id.* ("this list of factors is not exhaustive, but should serve as a guidepost for the district courts"). Next, "where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461. Third, district courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d. at 457 (3d Cir. 1997)).

Even if this Court assumes – for purposes of this motion – that Plaintiff satisfies the threshold requirement, the *Tabron* post-threshold factors weigh against appointment of *pro bono* counsel. Plaintiff's application includes nothing more than two bald assertions regarding Plaintiff's education on civil procedures in Federal Court and his assertion that he does not know

"what to say". Thus, this Court is not even in a position to consider the first – and most significant – of the *Tabron* post-threshold factors. *Montgomery*, 294 F.3d at 501 ("Perhaps the most significant of *Tabron*'s post-threshold factors is the plaintiff's ability to present his or her case"). In *Montgomery*, the Third Circuit offered the following guidance to district courts considering the first of the *Tabron* post-threshold factors:

> We have identified a number of factors that courts should consider in determining a plaintiff's ability to present her own case. These include 'the plaintiff's education, literacy, prior work experience, and prior litigation experience,' along with a 'plaintiff's ability to understand English ...[and] the restraints placed upon [a prisoner plaintiff] by confinement.' [internal citations omitted]

*Montgomery*, 294 F.3d at 501.

Here, Plaintiff offers no information about **any** of the above-quoted factors. Thus, this Court cannot effectively gauge his ability to present his own case[1]. Plaintiff's assertion that he is not familiar with the civil procedures in Court is by no means determinative of his ability to represent himself in this Court. In fact, many attorneys who appear in federal court must regularly consult the Federal and Local Rules of Civil Procedure and must conduct extensive research to determine the civil procedures in this Court. Thus, the Court is not in a position to determine whether or not the first factor weighs in favor of appointment of counsel.

Said lack of information also impedes this Court's ability to consider the second and third *Tabron* post-threshold factors. In *Tabron*, the Third Circuit instructed district courts to consider

---

[1] Indeed, while Plaintiff's submissions to date lack prose they are certainly comprehensible. The "Statement of Claims" section of Plaintiff's complaint is particularly illustrative of Plaintiff's ability to synthesize facts and articulate his legal claims. Plaintiff has stated a particular set of facts and was able to tie those facts to certain constitutional amendments and areas of law. (Compl. at 6-7). In short, the limited evidence before this Court suggests that Plaintiff CAN present his own case.

the second of the *Tabron* post-threshold factors "in conjunction with...the plaintiff's capacity to present his own case." *Montgomery*, 294 F.3d at 502 (quoting *Tabron*, 6 F.3d at 157). Moreover, this Court cannot assess the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such – the third *Tabron* post-threshold factor – unless Plaintiff describes what he can and cannot do from his prison cell[2]. *Montgomery*, 294 F.3d 492. Thus, Plaintiff's application does not give this Court enough information to effectively consider the second and third of the *Tabron* post-threshold factors.

Likewise, the Court cannot examine the need for expert witnesses as required by the fifth *Tabron* post-threshold factor. With only a scant amount of information regarding Plaintiff's injuries, the Court cannot assess whether said injuries "clearly manifest themselves in ways that are obvious and ascertainable to a lay person." *Montgomery*, 294 F.3d at 504 (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 473-74 (3d Cir. 1987) for the proposition that in the context of a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need, expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person). Thus, this Court cannot determine whether or not the fifth *Tabron* post-threshold factor weighs in favor of appointment of counsel.

Next, the Court must consider whether or not a case is likely to turn on credibility

---

[2]The *Montgomery* Court recognized that the circumstances of institutional confinement impede a litigants ability to conduct discovery. *Montgomery*, 294 F.3d at 503. However, the Third Circuit went on to warn district courts that its consideration of the third *Tabron* post-threshold factor should not always weigh in favor of a confined plaintiff. *Id.* Indeed, the Court only found that the third *Tabron* post-threshold factor weighed in favor of the plaintiff as, "Montgomery's case demonstrate[s] a clear need for factual investigation beyond that which Montgomery could conduct from his prison cell." *Id.* Here, Plaintiff does not even allude to such a clear need.

determinations. In considering this fourth *Tabron* post-threshold factor, this Court must remain mindful that virtually every case turns on credibility determinations to some extent. *Parham*, 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not."). Thus, this factor can only weigh in Plaintiff's favor if this case is "solely a swearing contest." *Id.* At this early stage in the litigation, there is no evidence to demonstrate that this is a case where Plaintiff's understanding of the relevant facts is diametrically different that of the Defendants. Accordingly, this factor does not necessarily militate in favor of appointing counsel.

Finally, this Court determines that there is no evidence that the fifth *Tabron* post-threshold factor is met. Plaintiff has not indicated nor even suggested that he cannot obtain counsel on his own behalf. While this Court can imagine that as a pro se prisoner Plaintiff, it would be unlikely that Plaintiff could obtain counsel, it is not for this Court to speculate.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE.**

## ORDER

**THIS MATTER** comes before this Court on Plaintiff Larry James Mayfield's application for appointment of *pro bono* counsel; after considering Plaintiff's application; and pursuant to Fed. R. Civ. P. 78; and for the reasons set forth in the above Opinion; and for good cause shown;

**IT IS ON this 4th day of April 2007,**

**ORDERED** that Plaintiff Larry James Mayfield's application for appointment of *pro bono* counsel is hereby **DENIED WITHOUT PREJUDICE.**

s/ Esther Salas<br>
**HONORABLE ESTHER SALAS**<br>
**UNITED STATES MAGISTRATE JUDGE**